UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

TRESHAWN KALIAN BIBLE,

    Defendant-Movant,

v.

UNITED STATES OF AMERICA,

    Plaintiff-Respondent.
_____/

Case No. 1:24-cv-725

Honorable Robert J. Jonker

**OPINION AND ORDER**

Currently pending before the Court is Defendant-Movant Treshawn Kalian Bible ("Defendant")'s *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1.) For the reasons set forth below, Defendant's motion will be denied.

**I.    Background**

On January 11, 2022, a grand jury returned an Indictment charging Defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *See* Indictment, *United States v. Bible*, No. 1:22-cr-8 (W.D. Mich.) (ECF No. 1). After Defendant's initial appearance, attorney Michael David Adams was appointed to represent him.

On April 11, 2022, Defendant, through counsel, filed a motion to suppress, seeking suppression of evidence seized during a traffic stop that occurred on December 9, 2021, during which Defendant "was the front seat passenger in a vehicle that was pulled over for vehicle traffic violations." *See* Br. Supp. Mot. Suppress, *id.* (ECF No. 16, PageID.21). The Court held a hearing regarding the motion on June 21, 2022. That same day, the Court entered an order denying the motion for the reasons set forth on the record at the hearing. *See* Order, *id.* (ECF No. 28).

On June 30, 2022, the government filed a plea agreement in which Defendant agreed to plead guilty to the charge set forth in the Indictment. *See* Plea Agreement, *id.* (ECF No. 30). The Plea Agreement set forth that Defendant's plea was conditional because Defendant reserved the right to "seek review of the adverse determination of his motion to suppress evidence and supporting brief." *Id.* (ECF No. 30, PageID.184). If Defendant prevailed on appeal, he would be permitted to withdraw his guilty plea. *Id.*

The parties appeared before the undersigned for Defendant's scheduled change of plea hearing on July 8, 2022. At that time, however, attorney Adams indicated that he intended to file a motion to withdraw as counsel; therefore, the change of plea hearing was adjourned. *See* Minutes, *id.* (ECF No. 32). Attorney Adams filed his motion to withdraw on July 11, 2022. *See* Mot., *id.* (ECF No. 37). The Court denied that motion in an order entered on July 13, 2022. *See* Order, *id.* (ECF No. 45).

On July 18, 2022, the government filed an amended plea agreement in which Defendant agreed to plead guilty to the charge set forth in the Indictment. *See* Am. Plea Agreement, *id.* (ECF No. 48). The Amended Plea Agreement again set forth that Defendant's plea was conditional because Defendant reserved the right to "seek review of the adverse determination of his motion to suppress evidence and supporting brief." *Id.* (ECF No. 48, PageID.406). The parties appeared before the undersigned for the change of plea hearing on July 19, 2022. *See* Change of Plea Hr'g Tr., *id.* (ECF No. 74).

On November 18, 2022, the Court sentenced Defendant to 110 months' imprisonment, to be followed by 3 years of supervised release. *See* J., *id.* (ECF No. 63). Defendant subsequently appealed the denial of his motion to suppress, arguing that the "police unreasonably detained him in violation of the Fourth Amendment by prolonging the traffic stop for more than 30 minutes."

*See* 6th Cir. Order, *id.* (ECF No. 69). On July 25, 2023, the United States Court of Appeals for the Sixth Circuit rejected Defendant's argument and affirmed this Court's judgment. *See id.*

Defendant filed his § 2255 motion (ECF No. 1) on July 15, 2024. In an order (ECF No. 4) entered on July 29, 2024, the Court directed the government to respond to the motion. The government subsequently moved for an extension of time and an order authorizing release of information subject to the attorney-client privilege. (ECF No. 5.) The Court granted that motion in an order (ECF No. 7) entered on August 22, 2024.

The government subsequently moved for leave to file attorney Adams' affidavit under seal. (ECF No. 8.) Defendant moved for an order to produce Jencks Act material. (ECF No. 12.) In an order (ECF No. 13) entered on November 25, 2024, the Court granted the government's motion for leave to file under seal and denied Defendant's motion for Jencks Act material. The government filed its response (ECF No. 14) to Defendant's § 2255 motion on December 6, 2024.

**II.    Standards of Review**

    **A.    Section 2255 Proceedings in General**

A federal prisoner may challenge his sentence by filing in the district court where he was sentenced a motion under 28 U.S.C. § 2255. A valid § 2255 motion requires a movant to show that "the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2255 affords relief for a claimed constitutional error only when the error had a substantial and injurious effect or influence on the proceedings. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). Non-constitutional errors generally are outside the scope of § 2255 relief, and they should afford collateral relief only when they create a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due

process." *Id.* (internal quotation marks omitted). As a general rule, a claim not raised on direct review is procedurally defaulted and may not be raised on collateral review absent a showing of either (1) cause and actual prejudice; or (2) actual innocence. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621–22 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982). A motion to vacate under § 2255 is not a substitute for direct appeal. *United States v. Duhart*, 511 F.2d 7 (6th Cir. 1975); *DiPiazza v. United States*, 471 F.2d 719 (6th Cir. 1973).

**B.  Evidentiary Hearing**

The Court must hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No hearing is required if Defendant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quotation omitted).

**III.  Analysis**

Defendant asserts the following two grounds for relief in his § 2255 motion:

I.    "Ineffective Assistance of Counsel"

II.   "Prosec[u]torial Misconduct Due Pro[c]ess Violation"

(§ 2255 Mot., ECF No. 1, PageID.4–5.)

Specifically, Defendant contends that attorney Adams rendered ineffective assistance by knowingly withholding from Defendant statements made by DW to the grand jury that the firearm located in the vehicle on December 9, 2021, belonged to her. (*Id.*, PageID.4.) Defendant alleges further that the government committed misconduct by withholding these grand jury statements from the defense. (*Id.*, PageID.5.) Overall, Defendant argues that he was induced to accept the plea

5

agreement in light of this ineffective assistance and prosecutorial misconduct even though he was innocent. (*Id.*, PageID.4–5.)

The government contends that Defendant's grounds lack merit. (ECF No. 14.) Because both of Defendant's claims for relief implicate the validity of his plea and concern the alleged withholding of grand jury statements, the Court will consider them together.

### A.   Standard for Ineffective Assistance of Counsel Claims

To establish a claim of ineffective assistance of counsel, a movant must prove that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the defendant in a way that led to an unreliable or fundamentally unfair outcome. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, and viewed as of the time of counsel's conduct, and judicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S.460, 477 (2000) (internal quotation marks omitted). Counsel is not ineffective unless he or she "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. To establish prejudice, a movant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694; *see also United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc) ("[T]he threshold issue is not whether [movant's] attorney was inadequate; rather, it is whether he was so manifestly ineffective that defeat was snatched from the hands of probable victory.").

### B.   Standard for Prosecutorial Misconduct Claims

For a petitioner to be entitled to habeas relief on the basis of prosecutorial misconduct, the petitioner must demonstrate that the prosecutor's improper conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*,

6

477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). "[T]he touchstone of due process analysis . . . is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips*, 455 U.S. 209, 219 (1982). In evaluating the impact of the prosecutor's misconduct, a court should consider the extent to which the claimed misconduct tended to mislead the jury or prejudice the petitioner. *See United States v. Young*, 470 U.S. 1, 11–12 (1985). The Supreme Court has described the *Darden* standard as "a very general one, leaving courts 'more leeway . . . in reaching outcomes in case-by-case determinations.'" *Parker v. Matthews*, 567 U.S. 37, 48 (2012). The *Parker* Court rejected an attempt to graft any additional requirements on the "very general" *Darden* standard.

Defendant's claim that the government withheld grand jury statements also implicates *Brady v. Maryland*, 373 U.S. 83 (1963). In *Brady*, the Supreme Court held that "suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. There are three components to finding a *Brady* violation: "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999). Prejudice (and materiality) is established by a showing that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)); *see also Cone v. Bell*, 556 U.S. 449, 469–70 (2009). A reasonable probability equates to a "probability sufficient to undermine confidence in the outcome." *Bagley*, 473 U.S. at 682.

7

### C. Discussion

As set forth *supra*, Defendant contends that attorney Adams was ineffective for withholding grand jury statements from him, and that the government committed misconduct by withholding those statements from the defense. Defendant claims that because of that misconduct and ineffective assistance, he was induced to plead guilty despite being innocent.

As an initial matter, Defendant's claims that the grand jury statements were withheld are wholly without merit. The government has attached to its response a screenshot of an email from the prosecutor to attorney Adams, dated July 15, 2022. (ECF No. 14-1, PageID.54). That email indicates that grand jury transcripts for Defendant's case were emailed to attorney Adams. (*Id.*) Moreover, in a sworn declaration, attorney Adams states that the defense was provided all discovery, including, but not limited to, "the Grand Jury testimony of witness DW." (ECF No. 10, PageID.31.) Defendant was not allowed to keep a copy of the testimony, but attorney Adams reviewed the entire transcript with Defendant. (*Id.*) Moreover, Defendant was "allowed to ask questions regarding the impact of DW's Grand Jury testimony and how that testimony could impact [Defendant] during a jury trial." (*Id.*, PageID.32.) Attorney Adams avers that "[n]othing in the testimony of DW appears to aid [Defendant] in his defense of the charge to which he pleaded." (*Id.*) In light of the foregoing, Defendant is not entitled to relief with respect to his assertions that these grand jury statements were withheld.

Defendant also asserts that he was induced to plead guilty despite being innocent, averring that the firearm in question belonged to DW. To determine whether a guilty plea is valid, the Court must consider "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). A constitutionally valid guilty plea must meet several requirements. First, the defendant must be competent to plead guilty. *See Brady v. United States*,

397 U.S. 742, 756 (1970). "[T]he standard for competence to stand trial is whether the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against h[er].'" *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam)). The defendant must also have notice of the nature of the charges against him. *See Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976). The defendant must enter the plea voluntarily, i.e., the plea cannot be the product of "actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant." *Brady*, 397 U.S. at 750; *see also Machibroda v. United States*, 368 U.S. 487, 493 (1962) ("A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void.").

The defendant must also understand the consequences of his plea, including the nature of the constitutional protection he is waiving. *Henderson*, 426 U.S. at 645 n.13; *Brady*, 397 U.S. at 755; *Machibroda*, 368 U.S. at 493 ("Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences." (internal quotation marks and citation omitted)). Finally, the defendant must have available the advice of competent counsel. *Tollett v. Henderson*, 411 U.S. 258, 267–68 (1973); *Brady*, 397 U.S. at 756; *McMann v. Richardson*, 397 U.S. 759, 771 & n.14 (1970). The advice of competent counsel exists as a safeguard to ensure that pleas are voluntarily and intelligently made. *Cf. Henderson*, 426 U.S. at 647 ("[I]t may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit."); *Brady*, 397 U.S. at 754 (suggesting that coercive actions on the part of the state could be dissipated by counsel). Ineffective assistance of counsel can render a plea of guilty involuntary. *See Hill*, 474 U.S. at 56–57.

9

The *Strickland* test applies to guilty plea challenges based on ineffective assistance of counsel. *Id.* at 58. In the context of guilty pleas, the first prong of *Strickland* remains the same, and the "second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 58–59. "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

Defendant's Amended Plea Agreement set forth that in order for Defendant to be guilty of violating § 922(g)(1), Defendant had to have knowingly possessed a firearm; the firearm must have travelled in or affected interstate commerce; Defendant must have been convicted of a crime punishable by imprisonment for more than one year prior to possessing the firearm; and Defendant must have known that he had been convicted of such an offense before possessing the firearm. *See* Am. Plea Agreement, *United States v. Bible*, No. 1:22-cr-8 (W.D. Mich.) (ECF No. 48, PageID.406–407). When Defendant signed his plea agreement, he did so under the following paragraph:

> I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

*Id.* (ECF No. 48, PageID.413).

Moreover, during the change of plea hearing, Defendant represented that attorney Adams had been able to answer all of his questions about his case. *See* Change of Plea Hr'g Tr., *id.* (ECF No. 74, PageID.564). Defendant indicated that he and attorney Adams had been "able to function satisfactorily as lawyer and client." *Id.* (ECF No. 74, PageID.565). The Court set forth the elements

10

of the offense, and Defendant stated that he did not have any questions about them. *Id.* (ECF No.74, PageID.566–567). Defendant understood that he faced a maximum term of 10 years' imprisonment. *Id.* (ECF No. 74, PageID.568).

The Court reviewed the terms of the written plea agreement with Defendant, and Defendant indicated his understanding of those terms. *Id.* (ECF No. 74, PageID.578–582). When asked by the Court, Defendant denied that anyone was making promises to him outside of the plea agreement to get him to plead guilty. *Id.* (ECF No. 74, PageID.582–583). Defendant denied that anyone was "trying to push [him] or force [him] into this against [his] will." *Id.* (ECF No. 74, PageID.583).

Defendant then entered his plea of guilty, and indicated that he was making the decision to plead guilty "strictly of [his] own free will." *Id.* (ECF No. 74, PageID.584). The Court concluded that Defendant's guilty plea was "free, voluntary, knowing and intelligent in all respects." *Id.* (ECF No. 74, PageID.586). The Court found no evidence of "threats, coercion or other improper influence." *Id.* (ECF No. 74, PageID.587). Subsequently, the Court reviewed the factual basis of the plea with Defendant. Defendant admitted that on the day he was arrested, he had a Taurus 357 in a black bag under his seat in the vehicle. *Id.* (ECF No. 74, PageID.588). The Court concluded that the factual basis was sufficient to support Defendant's guilty plea. *Id.* (ECF No. 74, PageID.589).

Here, Defendant "offers no evidence—beyond [his self-serving assertions]—to suggest that his plea was unknowing or involuntary" because of counsel's alleged ineffectiveness or the government's alleged misconduct. *See United States v. Sturgill*, 761 F. App'x 578, 582 (6th Cir. 2009). Under settled Sixth Circuit authority, Defendant is bound by the statements that he made under oath at the change of plea hearing. *See Baker v. United States*, 781 F.2d 85, 90 (6th Cir.

11

1986) ("[W]here the court has scrupulously followed the required procedure [under Rule 11 of the Federal Rules of Criminal Procedure], 'the defendant is bound by his statements in response to that court's inquiry.'" (quoting *Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir. 1976))). There is no suggestion here that the Court failed to comply with its obligations under Rule 11. *See United States v. Ataya*, 884 F.3d 318, 323–26 (6th Cir. 2018).

In light of the foregoing, Defendant's claims that he was induced to plead guilty because of alleged ineffective assistance of counsel and prosecutorial misconduct lack merit. Defendant was aware of DW's grand jury statements prior to making the decision to plead guilty. Moreover, Defendant's claims are premised upon his misunderstanding of what is required to demonstrate possession for purposes of § 922(g)(1). To be convicted under that statute, a defendant need not own the firearm in order to possess the firearm. *See* 6th Cir. Pattern Jury Instruction 12.01, *available at* https://www.ca6.uscourts.gov/pattern-jury-instructions (last visited Jan. 6, 2025); *see also Untied States v. O'Neal*, 575 F. App'x 135, 135–36 (4th Cir. 2014); *United States v. McGrew*, 165 F. App'x 308, 311 (5th Cir. 2006). Thus, even if DW was the owner of the firearm in question, Defendant's admission that he possessed the gun on the date in question by keeping it in his black bag under his seat was sufficient for purposes of § 922(g)(1).

In sum, the record before the Court supports a conclusion that Defendant's grounds for relief are meritless. Accordingly, there is no need for the Court to conduct an evidentiary hearing, and Defendant's § 2255 motion (ECF No. 1) will be denied.

## IV.  Certificate of Appealability

Under 28 U.S.C. § 2253(c)(1)(B), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Defendant has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Defendant's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Defendant's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Defendant's claims was debatable or wrong. Therefore, the Court will deny Defendant a certificate of appealability. Moreover, although Defendant has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Defendant might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## V.     Conclusion

For the foregoing reasons, the Court will deny Defendant's § 2255 motion. Accordingly,

**IT IS ORDERED** that Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

A separate judgment will follow. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Dated:   January 13, 2025                                /s/ Robert J. Jonker
                                                                                          Robert J. Jonker
                                                                                         United States District Judge